UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

THERESA KEEFE,

DEFENDANT.

---

17 Cr. 339-08 (AJN)

**SENTENCING MEMORANDUM**

Law Office of Zachary Margulis-Ohnuma
260 Madison Avenue, 17th Fl.
New York, NY
(212) 685-0999
zach@zmolaw.com

*Attorneys for Defendant THERESA KEEFE*

**TABLE OF CONTENTS**

FACTS ............................................................................................................... 1
   I.  THE HISTORY AND CHARACTERISTICS OF THE OFFENDER . 2
   II.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE ........ 4
THE SENTENCING GUIDELINES CALCULATIONS .............................. 5
ARGUMENT ...................................................................................................... 6
   I.  [REDACTED] ......................................................... 6
   II.  A SENTENCE OF MORE THAN 36 MONTHS IS NOT WARRANTED BECAUSE THE GUIDELINES OVERSTATE BOTH THE SERIOUSNESS OF MS. KEEFE'S CRIMINAL HISTORY AND HER CULPABILITY IN THIS CASE. .................... 8
CONCLUSION ....................................................................................... 10

This Memorandum and the accompanying Report of Kathleen O'Boyle, MSW, are submitted on behalf of the defendant Theresa Keefe in aid of sentencing, which is scheduled for May 4, 2018. Ms. Keefe was arrested on June 9, 2017 and pled guilty on December 20, 2017 to one count of conspiracy to possess with intent to distribute narcotics in violation of 18 U.S.C § 841(b)(1)(C). The plea agreement set forth a Guidelines sentencing range based on factual stipulations of 46 to 57 months imprisonment. The Presentence Investigation Report ("PSR") recommends a term of imprisonment of 36 months. *See* PSR at 21. We respectfully request that the Court adopt the Department of Probation's recommendation: a sentence of three years in federal prison—specifically FPC Alderson, which is the closest women's facility to Ms. Keefe's family in South Carolina— ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ while accurately reflecting her true culpability based on her limited role in the overall conspiracy and her criminal history, which consists entirely of petty offenses ▮▮▮▮▮▮▮▮.

## **FACTS**

The following factual account is drawn from the Pre-Sentence Investigation Report ("PSR"); documents on file with this office; interviews with Ms. Keefe and her family; and our own investigation. In addition, the

1

defense engaged a court-appointed mitigation specialist, former U.S. Probation Officer Kathleen O'Boyle, who has submitted a detailed report that includes letters from Ms. Keefe's 17-year-old daughter, Raquel; her parents; and a fellow inmate. Also attached to the O'Boyle Report are certificates documenting Ms. Keefe's achievements while in federal custody.

I.      The History and Characteristics of the Offender

Ms. Keefe's history and characteristics are documented in detail in the accompanying report of Kathleen O'Boyle, which we hereby incorporate in its entirety.

█████████████████████████████████████████

█████████████████████████████ See PSR ¶ 71. The product of a relatively stable childhood in Rockland County, Ms. Keefe dropped out of 11th grade ███████████████ with Robert Munderville, who was her boyfriend at the time and later her husband. PSR ¶ 56. She has two children, including her co-defendant, Nicole Munderville, ████████████████████████████ would come stay with Ms. Keefe and co-defendant Robert Diaz on occasion ████████████ █████████ Ms. Keefe's other daughter, Raquel Martinez, was raised by Ms. Keefe's parents; she is expected to graduate from high school this month and go on to college. *See* O'Boyle Report at 3; *see also* O'Boyle Report App.

2

A (Raquel Martinez Letter). Raquel's father, Michael Martinez, ▮ walked out on the family the day Raquel was born. PSR ¶ 58.

Ms. Keefe worked at low-skill, low-paying jobs for most of her life until 2009. She worked as a bartender, waitress, home health aide, cashier, bus driver, and school aide, among other things. PSR ¶¶ 77-84. She ▮ was arrested eleven times in her 40s and 50s for petty economic crimes she committed ▮. PSR ¶¶ 40-48. She has no prior arrests for drug trafficking and only one for drug possession, dating back to 2004. She has no history of violence.

▮

(however, there is no lull in her criminal activity in 2007 and 2008, ▮

3

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████ ████████████████████████████

██████████████████████████████ As discussed below, the best and perhaps only way to ensure that she gets the help she needs is to follow Probation's recommendation and sentence her to a total of 36 months ████

████████████████████████████████████████

████████████████████████████████

## II.  The Nature and Circumstances of the Offense

The instant offense was a consequence of Theresa Keefe's relationship with Robert Diaz. Ms. Keefe, █████████████████████████████ would assist Diaz in distributing drugs to buyers by answering the phone and selling out of the apartment they shared. She was never trusted with significant quantities of drugs █████████████████████████

█████[1] She had no decision-making or operational authority within the

---

[1] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

organization. She simply carried out the orders given by Diaz, supplying customers with heroin laced with fentanyl.

## THE SENTENCING GUIDELINES CALCULATIONS

The parties stipulated that Ms. Keefe was responsible for distributing between 100 and 400 grams of heroin, yielding a base offense level of 24 under USSG § 2D1.1(c)(8). With a three-level reduction for acceptance of responsibility and a Criminal History Category of III, the Guidelines Sentence stipulated to by the parties is 46 to 57 months imprisonment.

The Department of Probation accepted the parties' factual stipulations, but uncovered additional, out-of-state convictions that increased Ms. Keefe's Criminal History Category to V, resulting in a Guidelines sentence of 70 to 87 months. *See* PSR ¶¶ 29-49, 92 (Guidelines calculation and criminal history). In their sentencing recommendation, however, Probation stated that, in their view, Criminal History Category V "overstates the seriousness of her criminal history." PSR at 21. It is our understanding that the government plans to stand by the position set forth in the plea agreement, *viz.* that the Guideline sentence is 46-57 months.

# ARGUMENT

Whether the Court endorses the parties' Guidelines analysis or the Probation Department's, Ms. Keefe is requesting a significant reduction from the Guidelines sentence pursuant to 18 U.S.C. § 3553(a). The key reason for the reduction is to promote Ms. Keefe's rehabilitation ███████ ███████████████████████████████████████████████████████ ██████████████████████████████████████ In addition, we agree with the Probation Department that the criminal history calculation overstates Ms. Keefe's actual criminal history. We further respectfully submit that the stipulated Guideline calculation overstates Ms. Keefe's culpability because it does not account for her actual role ████████████████████████████████████. We concur with the Probation Department's conclusion that a sentence greater than 36 months, "unduly diminishes the defendant's chances at rehabilitation," and that three years imprisonment "sufficiently addresses the sentencing factors set forth in 18 U.S.C. § 3553(a), most significantly just punishment, specific and general deterrence." PSR ¶ 21.

I.   ████████████████████████████████████████████
     ███████████████████████████████

     ██████████████████████████████████████

     ████████████████████████████████████████████

▆▆▆▆▆▆▆▆▆▆▆▆▆▆ After discussions with the Bureau of Prisons, Ms. O'Boyle has calculated that with time off for good-time and credit for the time already served, a sentence of 36 months would allow Ms. Keefe to be released ▆▆▆▆▆▆▆▆▆▆.

Such an outcome represents Ms. Keefe's "last, best option." *Id.* ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆ she deserves this chance to re-connect with her daughter and her elderly parents, ▆▆▆▆▆

▆▆ For the reasons set forth below, and as Probation noted, more punishment than 36 months is not necessary to provide just punishment for her role in the drug dealing or either general or specific deterrence. ▆▆▆▆▆▆▆▆ Accordingly, a sentence of 36 months is sufficient but not greater than necessary to achieve the goals of sentencing.

**II.     A sentence of more than 36 months is not warranted because the Guidelines overstate both the seriousness of Ms. Keefe's criminal history and her culpability in this case.**

As noted by Probation, all of Ms. Keefe's many prior convictions "are mostly for petty offenses, and many occurred more than ten years ago." PSR at 21. ███████████████████████████████████████████████████████████████████████████████████ None of her crimes involve violence of any kind. The accrual of minor crimes is not the same as repetitive, serious crimes normally associated with an offender in Criminal History Category V. *See, e.g., U.S. v. McGhee,* 512 F.3d 1050, 1051 (8th Cir. 2008) (no abuse of discretion "in concluding that defendant's criminal history differed meaningfully from the active violent behavior often associated with defendants in criminal history category VI"). Accordingly, the Guidelines sentence is too high, and a non-Guidelines sentence should be imposed.

Similarly, the Guidelines overstate Ms. Keefe's criminal culpability ███ ████████████████████████████████████████████████ Recordings disclosed in discovery show that Ms. Keefe only sold drugs in small quantities at the direction of others ████████████████████ ███ As a sentencing court in the Seventh Circuit noted, "selling drugs merely for profit is 'more serious and more reprehensible than the person that

8

sells drugs just because that's the way they get their own drugs to satisfy their own addiction,' because the junkie has less of a choice not to sell drugs." *U.S. v. Thurman*, 179 F. App'x 971, 972 (7th Cir. 2006); *see also* Robert L. DuPont, M.D., *How Corrections Can Beat the High Cost of Heroin Addiction*, 35 Fed. Probation 43 (1971) ("There are many ways to support a heroin habit; one of the most common is selling drugs."). There is a growing consensus, articulately expressed in the Department of Justice's charging policies during the last administration, that long prison sentences in drug cases should be reserved for "serious, high-level or violent drug traffickers[.]" As Attorney General Eric Holder wrote in a memo to federal prosecutors, "long sentences for low-level, non-violent drug offenses do not promote public safety, deterrence, and rehabilitation." Eric Holder, 8/12/13 Memo to U.S. Attorneys, *available at* https://www.justice.gov/sites/ default/files/oip/legacy/2014/07/23/ag-memo-department-policypon- charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain- drugcases.pdf.[2] *See also* O'Boyle Report at 10-11 (summarizing research showing limited deterrent effect of longer sentences).

    This case exemplifies that principle. ███████████████ ████████████████████████████████████ ██████████

---

[2] Accessed on April 26, 2018.

███████████████████████
███████████████████████
███ She lost the opportunity to raise her two children and watch them grow up. She lost the opportunity to pursue a worthwhile career or to maintain employment that would have provided her with a retirement income. In sum, she squandered her potential to live a happy and productive life.

O'Boyle Report at 2.

Theresa Keefe has never before served a lengthy prison sentence ███ ███████████████████████████████████ She has been thriving in the structured environment at the Metropolitan Correctional Center ("MCC"). *See* O'Boyle Report at 11 and Appendix E (certificates from MCC). Punishment in excess of three years in federal prison would serve no purpose and only imperil her chances of success upon release.

## **CONCLUSION**

A non-Guidelines sentence of 36 months in prison ██████████ ███████████████████████████████████ ███████████████████████████████████ is sufficient but not greater than necessary to achieve the objectives of sentencing, including just punishment, deterrence, and the need to provide Ms. Keefe with essential correctional services.

Dated:    New York, New York
           April 27, 2018

Respectfully submitted,

Law Office of Zachary Margulis-Ohnuma

By: ___/S_____
Zachary Margulis-Ohnuma
Law Office of Zachary Margulis-Ohnuma
260 Madison Avenue, 17th Fl.
New York, NY 10016
(212) 685-0999

11